UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

JUAN SOTO, Jr.,

    Plaintiff,                               **JURY TRIAL DEMANDED**

    v.

COUSINS UNITY, INC., a Florida profit
corporation, MD SHAHIN CHOWDHURY,
BABAR MOHAMMED,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES**

Plaintiff, JUAN SOTO, Jr., ("SOTO"), through undersigned counsel, files this Complaint for Damages against Defendants, COUSINS UNITY, INC., a Florida profit corporation (hereinafter "COUSINS UNITY"), MD SHAHIN CHOWDURY, (hereinafter "CHOWDURY"), and BABAR MOHAMMED, (hereinafter "MOHAMMED"), and states as follows:

**INTRODUCTION**

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, COUSINS UNITY, was an enterprise engaged in interstate commerce within the meaning of the FLSA. At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated

a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants, COUSINS UNITY, CHOWDHURY, and MOHAMMED operated a gasoline station doing business as UGas, and a food mart. The work of the Plaintiff, SOTO and other employees who worked at COUNSIN'S UNITY involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. Such goods and materials included fuel, automotive supplies, and food products.

4. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

6. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in Miami, Florida in the Southern District of Florida.

## VENUE

7. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida, and

   b. Defendants were and continue to be a corporation and individuals doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiff, SOTO was an "employee" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, corporate Defendant, COUSINS UNITY was conducting business in Miami, Miami-Dade County, Florida, with its principal place of business at 4700 NW 27th Avenue, Miami, Florida 33142.

10. At all times material hereto, Defendants, COUSINS UNITY, CHOWDHURY and MOHAMMED were the employers of Plaintiff, SOTO.

11. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

12. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, SOTO his lawfully earned wages in conformance with the FLSA.

13. Defendants are liable for monetary damages for violations of the FLSA.

14. At all times material hereto, the work performed by Plaintiff, SOTO was directly essential to the business performed by Defendants, COUSINS UNITY, CHOWDHURY and MOHAMMED.

15. Plaintiff, SOTO has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

16. In or around January 2018, Plaintiff, SOTO began working for the Defendants as a cashier at the Defendants' gasoline station and food mart.

17. While employed by Defendants, the Plaintiff, SOTO was paid an hourly wage of about $8.00 per hour, and it increased a number of time until his current rate of $10.00 per hour.

18. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff, SOTO.

19. Defendant CHOWDHURY was a supervisor and/or manager/owner who was involved in the day-to-day operations and/or was directly responsible for the supervision of Plaintiff, SOTO.

20. Upon information and belief, Defendant MOHAMMED was a supervisor and/or manager/owner who was involved in the day-to-day operations and/or was directly responsible for the supervision of Plaintiff, SOTO.

21. The individual Defendants are personally liable for the FLSA violations.

22. Defendant CHOWDHURY was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, SOTO.

23. Upon information and belief, Defendant MOHAMMED was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, SOTO.

24. Plaintiff, SOTO has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

25. Plaintiff, SOTO repeats and realleges Paragraphs 1 through 24 as if fully set forth herein.

26. Plaintiff, SOTO's employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

27. During Plaintiff, SOTO's employment with Defendants, Plaintiff, SOTO worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours. Plaintiff, SOTO was entitled to be paid at the rate of time and one-half for all of his hours worked in excess of the maximum hours provided for in the FLSA.

28. Records, if any, concerning the number of hours worked by Plaintiff, SOTO and the actual compensation paid to Plaintiff, SOTO are in the possession and custody of the Defendants. Plaintiff, SOTO intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

29. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, SOTO at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due.

30. Defendants failed to properly disclose or apprise Plaintiff, SOTO of his rights under the FLSA.

31. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, SOTO is entitled to liquidated damages pursuant to the FLSA.

32. Due to the willful and unlawful actions of the Defendants, Plaintiff, SOTO has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

33. Plaintiff, SOTO is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, SOTO respectfully requests that judgment be entered in his favor against the Defendants:

    a. Declaring that the Defendants violated the overtime provisions of 29 U.S.C. §207;

    b. Awarding Plaintiff, SOTO overtime compensation in the amount calculated;

    c. Awarding Plaintiff, SOTO liquidated damages in the amount calculated;

    d. Awarding Plaintiff, SOTO reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding Plaintiff, SOTO post-judgment interest; and

    f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: June 4, 2019.

    Respectfully submitted,

    /s Samara Robbins Bober
    SAMARA ROBBINS BOBER
    FBN: 0156248
    PETER J. BOBER

FBN:  0122955
BOBER & BOBER, P.A.
2699 Stirling Road, Suite-A304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
samara@boberlaw.com
*Attorneys for Plaintiff*
